[No. 3495.   Jan. 9, 1931.]

BERRY v. VAN SOELEN et al.

[295 Pac. 301.]

E. R. Wright, of Santa Fe, for appellants.

W. A. Gillenwater, of Santa Fe, for appellee.

OPINION OF THE COURT

WATSON, J.

The judgment appealed from established and foreclosed a mechanic's lien and decreed a sale of real estate to satisfy it.

Appellee filed a claim of lien upon a plastering contract, alleging that his compensation had been fixed at $540, or at such lesser sum as should represent actual cost of labor and materials, plus 10 per cent. He stated that the actual cost of labor and materials plus 10 per cent had been $510, not including cement to the amount of $35 furnished by appellants, for which they were entitled to a deduction from the lump sum stated. Thus, the compensation amounting to less upon the lump sum basis than upon the cost plus basis, claim was made for $155, the balance due on the lump sum basis, after crediting cash payments of $350.

Suing to establish and foreclose the lien thus claimed, appellee itemized in his complaint labor costs of $326.56, material costs of $124, an expense item of $10, and his 10 per cent "commission" at $45.25.

After hearing the evidence, the trial court disallowed $88 of the labor items claimed and established a lien for $65.51 as the balance due on the contract, plus the cost of filing the lien and $100 as attorney's fee. By remittitur the balance due on the contract was reduced to $59.82.

The principal contention made here is that the court erred in establishing any lien. Of the numerous grounds urged, one only need be considered, viz. that appellee's overstatement of the amount due him vitiated the claim of lien in toto.

In so small a claim an overstatement of $88 is considerable. The total cost of labor and materials, stated at $450.56 and found to be $362.58, was thus overstated 24 per cent. The cost of labor, stated at $326.56, and found to be 238,56, was overstated 37 per cent. The balance unpaid, stated at $155 and found to be $59.82 was overstated 160 per cent.

To determine the legal result of such overstatement, both counsel cite and rely upon the annotation, "Effect of Filing an Excessive Mechanic's Lien," 29 L. R. A. (N. S.) 305. We make no attempt to classify or harmonize

the decisions there reviewed. But, having in mind the several rules and illustrations there set forth, we shall make brief disposition of the case in hand.

The principal controversy was whether labor checks given by appellee on Saturday, September 11th, for that week, were for labor on appellants' job or elsewhere. Appellee claimed that the job was commenced Monday morning September 6th, while appellants claim that the laborers did not appear until the afternoon of the 11th. We think the evidence conclusive that appellants were right. The trial court made no express finding of any reason or excuse for this attempt to charge appellants with labor not performed, except that, in disallowing the items, he remarked parenthetically that they were "too indefinite and uncertain." It is plain from the records, however, that the best that can be claimed for appellee is that it was the result of gross negligence in his timekeeping, that his attention was called to it before he filed his claim of lien, and that, by the exercise of such reasonable diligence as he owed to appellants, the mistake would have been avoided.

There is other evidence in the record of utter lack of care on the part of the appellee in keeping correct accounts with appellants. Compare the original statement of materials furnished to appellants with the statement of the same contained in his complaint.

Statement Furnished Appellants.

| | |
|---|---|
| Plaster, 50 sacks | $62.50 |
| Keen's 15 sacks | 37.50 |
| Lime | 20.00 |

Statement in Complaint.

| | |
|---|---|
| 3,400 lbs. plaster plus drayage | $39.00 |
| 18 sacks Keen's cement | 45.00 |
| 2,000 lbs. lime plus drayage | 40.00 |

The two statements total about the same, but are otherwise quite dissimilar.

Knowing that appellee's demand as to labor was greatly excessive, and this his demand as to material was unre-

liable, appellants would have been justified in putting appellee to his proof before settling with him. They did, in fact, estimate as nearly as they could what the costs had been and tender him the sum of $19, which, under one view of the evidence, would have been almost enough to satisfy the balance due.

We think that the lien law implies good faith, and that such good faith requires the contractor not only to refrain from active fraud, but to exercise reasonable diligence in keeping and stating his accounts. To hold otherwise would convert this beneficial law into an instrument of injustice. Under the threat of having a lien imposed upon their property, and being mulcted in costs and attorney's fees, persons in the situation of appellants would be coerced into paying unjust claims. We are of opinion that the present record does not justify a lien.

Other questions are presented, but, in view of the small amount involved, we are not disposed to consider them. Substantial justice will be done by permitting appellee to have personal judgment for the balance due him, and we do not understand appellants seriously to object to such disposition of the case.

The judgment will be reversed, and the cause remanded, with a direction to enter personal judgment for appellee and against appellants in the sum of $59.82. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.